DJW/byk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**TEAM LOGISTICS, INC.,**
**and PAUL TITUS,**

        **Plaintiffs,**

                                        **CIVIL ACTION**

**v.**

                                        **No: 04-2061-JWL-DJW**

**ORDERPRO LOGISTICS, INC.,**
**JEFFREY SMUDA,**
**and RICHARD WINDORSKI,**

        **Defendants.**

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant OrderPro Logistics, Inc.'s Motion for Leave to File Answers and Responses to Plaintiffs' Request for Admissions Out of Time (doc. 71).  For the reasons set forth below, the Court grants the motion.

### I.    Background Information

Plaintiffs bring this action asserting breach of contract claims against Defendants OrderPro Logistics, Inc. ("OrderPro") and breach of fiduciary duty, misrepresentation, fraud, and civil conspiracy claims against Defendants Richard Windorski, Jeffrey Smuda[1], and OrderPro.    Plaintiffs filed their Complaint on February 18, 2004.  After obtaining an extension of time to answer, Defendants OrderPro, Windorski, and Smuda, all represented by the same counsel, filed their respective Answers (docs. 10, 11, and 12) on May 25, 2004.

---

[1]Defendant Smuda filed a Notice of Filing of Bankruptcy (doc. 34) on October 7, 2004.

On August 20, 2004, counsel for Defendants filed a motion to withdraw as counsel of record. The undersigned Magistrate Judge held a telephone status conference regarding this motion on September 1, 2004. At the status conference, the Court found that good cause existed for counsel to withdraw and granted counsel leave to withdraw as counsel for Defendants. In its Order granting counsel's motion to withdraw (doc. 32), the Court granted all Defendants a thirty-day extension of time to retain substitute counsel. The Order specifically stated that defendant corporation OrderPro could only appear through licensed counsel,[2] and that "a failure to obtain counsel on its behalf may result in an entry of default judgment."

On October 12, 2004, after Defendant OrderPro had failed to retain counsel as ordered, Plaintiffs filed their Motion for Default Judgment (doc. 36) against Defendant OrderPro. On December 9, 2004, the undersigned Magistrate Judge entered his Report and Recommendation in which he recommended denying Plaintiffs' Motion to Dismiss without prejudice (doc. 39). Plaintiffs timely filed their objections to the Report and Recommendation. On December 21, 2004, District Judge Lungstrum overruled Plaintiffs' objections to the Report and Recommendation and ordered that Defendant OrderPro have licensed counsel enter an appearance on its behalf no later than January 10, 2004, or default judgment will be entered against it on Plaintiffs' claims.

Two days later, on December 23, 2004, Plaintiffs served Defendant OrderPro with fifty-three requests for admissions. Defendant OrderPro failed to respond to Plaintiffs' Request for Admissions within

---

[2]*See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-202 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel.")

the thirty days allowed under Fed. R. Civ. P. 36(a).

On January 12, 2005, Judge Lungstrum found that Defendant OrderPro had not obtained substitute counsel as previously ordered and entered an Order of Default Judgment against Defendant OrderPro with the issue of damages to be determined at a later hearing or at the trial against Defendant Windorski.  The Order further dismissed Defendant OrderPro's counterclaims against  Plaintiffs (doc. 52).

On February 15, 2005, the law firm of Brown & Dunn, P.C. entered an appearance for Defendant OrderPro (doc. 58).  At the time counsel entered an appearance on its behalf, Defendant OrderPro had been unrepresented nearly five months, since September 10, 2004.

On March 3, 2005, Plaintiffs filed a Motion for Summary Judgment on the Issue of Damages Against Defendant OrderPro (doc. 62).   Plaintiffs' motion is based upon Defendant OrderPro's admissions, by its failure to respond under Fed. R. Civ. P. 36(a), to Plaintiffs' Requests for Admissions. The uncontroverted material facts asserted in support of Plaintiffs' Motion for Summary Judgment on the Issue of Damages are based entirely upon certain requests for admissions that were deemed admitted by Defendant OrderPro.

On March 28, 2005, counsel for Defendant OrderPro filed its Memorandum in Opposition to Plaintiffs' Motion for Summary Judgement on the Issue of Damages, as well as a corresponding Motion for Leave to File Answers and Responses to Plaintiffs' Request for Admissions Out of Time (doc. 71). In its proposed answers and responses to Plaintiffs' Request for Admissions, Defendant OrderPro denies, in their entirety or in part, forty-four of the fifty-three requests for admissions.

On April 7, 2005, the Court held a teleconference motion hearing on Defendant OrderPro's Motion for Leave to File Answers and Responses to Plaintiffs' Request for Admissions Out of Time  and,

after hearing further argument from the parties, took the motion under advisement. The Court is now ready

to rule on the motion.

## II.    Standard for Ruling on Motion for Leave to File Answers to Requests for Admissions Out of Time

The Court finds that Defendant OrderPro's Motion for Leave to File Answers and Responses to

Plaintiffs' Request for Admissions Out of Time is the equivalent of a motion to withdraw admissions made

pursuant to Fed. R. Civ. P. 36(a). The Court will therefore apply the test for permitting withdrawal of an

admission set forth in Rule 36(b).[3]

Federal Rule of Civil Procedure 36(a) states that a request for admission "is admitted unless, within

30 days after service of the request, . . . the party to whom the request is directed serves upon the party

requesting the admission a written answer or objection addressed to the matter, signed by the party or by

the party's attorney."[4] Subsection (b) of Rule 36, however, provides a mechanism for a party to withdraw

or amend an admission. It states in pertinent part:

> Any matter admitted under this rule is conclusively established unless the court on motion
> permits withdrawal or amendment of the admission. . . . [T]he court may permit withdrawal
> or amendment when the presentation of the merits of the action will be subserved thereby
> and the party who obtained the admission fails to satisfy the court that withdrawal or
> amendment will prejudice that party in maintaining the action or defense on the merits.[5]

Under Rule 36(b), the party moving to withdraw the admissions bears the burden of demonstrating

---

[3]*See Nat'l Elevator Indus. Welfare Plan v. Viola Indus., Inc.*, Civ. A. No. 84-2286-S, 1985 WL 17586, at *1-2 (D. Kan. Sept. 12, 1985) (the court adopted the Rule 36(b) test for permitting withdrawal of an admission as the standard to determine whether late filing of answers to requests for admissions should be permitted.).

[4]Fed. R. Civ. P. 36(a).

[5]Fed. R. Civ. P. 36(b).

that the presentation of the merits of this action will be subserved or facilitated by ordering the withdrawal

of the admissions.[6]  The party who obtained the admission bears the burden of demonstrating to the court

that withdrawal of the admissions will prejudice him in maintaining the action on the merits.[7]  As a pretrial

conference has not yet been held, nor a pretrial order entered, in this case, the decision whether to allow

the withdrawal of Defendant OrderPro's admissions is not subject to the manifest injustice standard for

modifying a pretrial order under Rule 16(e).

"The decision whether to permit the withdrawal of admissions is a discretionary one."[8]  The court's

focus must be on the  effect upon the litigation and prejudice to the resisting party rather than  on the moving

party's excuses for an erroneous admission.[9]  The advisory committee notes to the 1970 amendments

indicate that the provision for the withdrawal or amendment of an admission "emphasizes the importance

of having the action resolved on the merits, while at the same time assuring each party that justified reliance

on an admission in preparation for trial will not operate to his prejudice."[10]  In considering whether the

presentation of the merits will be facilitated by permitting an admission to be withdrawn, the court may look

at whether the admission is contrary to the record of the case.[11]  The court may allow amendment or

withdrawal of an admission when an admission is no longer true because of changed circumstances or when

---

[6]*Ropfogel v. United States*, 138 F.R.D. 579, 582 (D. Kan. 1991).

[7]*Id.*

[8]*Id.* (citing *Bergemann v. United States*, 820 F.2d 1117, 1121 (10th Cir. 1987)).

[9]*In re Durability Inc.*, 212 F.3d 551, 556 (10th Cir. 2000).

[10]Fed. R. Civ. P. 36 advisory committee's note to 1970 amendments.

[11]*Ropfogel*, 138 F.R.D. at 583.

through an honest error a party has made an improvident admission.[12]  The court must also look at whether the effect of upholding the admission would be practically to eliminate any presentation of the merits.[13]

The prejudice contemplated by Rule 36(b) is not that the party who obtained the admission will have to convince the jury of the truth of the matter.[14] "The prejudice contemplated by the rule 'relates to the difficulty a party may face in proving its case' because of the sudden need to obtain evidence required to prove the matter that had been admitted."[15] The test of whether a party will be prejudiced by the withdrawal of an admission is whether that party is now any less able to obtain the evidence required to prove the matter which was admitted than he would have been at the time the admission was made.[16]

## III.   Discussion

### A.      The Parties' Positions

Defendant OrderPro argues that the Court should grant it leave to serve its answers out of time because the Court could grant additional discovery time so that Plaintiffs would have ample opportunity to conduct discovery and try the issue of damages. Defendant OrderPro has previously, in its Answer, denied the merits of the alleged damages, and therefore presentation of the merits of the action will be subserved by allowing withdrawal of the purportedly deemed admissions.

---

[12] *Id.*

[13] *Id.*

[14] *Bergemann,* 820 F.2d at 1121.

[15] *Gutting v. Falstaff Brewing Corp.*, 710 F.2d 1309, 1314 (8th Cir. 1983) (citing *Brook Village N. Assocs. v. Gen. Elec. Co.*, 686 F.2d 66, 70 (1st Cir. 1982)).

[16] 10A Fed. Proc., L.Ed. § 26:591.

Plaintiffs argue that presentation of the merits of this action will not be subserved by allowing Defendant OrderPro to withdraw its admissions. They claim that some of Defendant OrderPro's proposed denials of Plaintiffs' request for admissions are inconsistent with its own answer.   Plaintiffs further argue that they would be substantially prejudiced if the Court allowed Defendant OrderPro to serve its responses to Plaintiffs' requests for admissions out of time because Plaintiffs will either be precluded from, or less able to prove, the matters which they believed in good faith were deemed admitted under Rule 36(a).  Plaintiffs point out that discovery in this case closed on April 11, 2005, and counsel had no reason to believe that Defendant OrderPro would later wish to respond to the requests for admissions and file the instant motion. Defendant OrderPro only filed its motion after it received Plaintiffs' Motion for Summary Judgment based on such admissions at the tail end of discovery.   Plaintiffs argue that allowing OrderPro to withdraw its admissions now is contrary to purpose of Rule 36, i.e., to insure that litigation proceed in an orderly and timely manner, and to streamline and expedite the trial process, and rewards Defendant OrderPro for its complete lack of diligence and for ignoring its legal obligation to respond to discovery.  Plaintiffs also note that Defendant OrderPro's requested denials not only address the issue of Plaintiffs' damages, but also relate to the issue of liability on Plaintiffs' conspiracy count which is pending against Defendant Windorski.

Plaintiffs also request that the Court further consider that even though counsel did not formally enter an appearance on behalf of Defendant between September 10, 2004 and February 14, 2005, Defendant OrderPro was, in fact, represented by legal counsel during this period by a large law firm which was aware of this case to advise it about its legal rights and its duties to respond to discovery requests, including its duty to respond to requests for admissions and requests for production.

**B.** **Application of Fed. R. Civ. P. 36(b)**

Applying the standard set forth in Fed. R. Civ. P. 36(b), the Court finds that Defendant OrderPro has met its burden of demonstrating that the presentation of the merits of this action will be subserved or facilitated by granting it leave to serve its answers and responses to Plaintiffs' Request for Admissions out of time.  Although default judgment has been entered against Defendant OrderPro, this should not preclude Defendant OrderPro from being heard on the issue of damages.  Clearly, the presentation of the merits will be subserved by allowing Defendant OrderPro to present its version of the facts.

Having established that the matter will be subserved by allowing Defendant OrderPro to withdraw its admissions, the Court then must determine whether Plaintiffs have demonstrated that withdrawal of the admissions will prejudice them in maintaining the action on the merits.  The Court concludes that Plaintiffs have not sufficiently demonstrated that the prejudice that would befall them if Defendant OrderPro were allowed to withdraw its admissions.  Because very little discovery has been exchanged in this case and the Court has not yet held a trial on the issue of damages against Defendant OrderPro, Plaintiffs' ability to obtain the evidence required to prove the issue of damages is not notably any more difficult than at the time the admissions were deemed admitted.  The possibility of prejudice from a lack of discovery can be avoided simply by giving the parties time to conduct any additional discovery made necessary by Defendant OrderPro's responses.

The Court understands Plaintiffs' frustration with Defendant OrderPro's failure to defend in this action.  Defendant OrderPro has now finally, after more than four months of silence and two warnings by the Court, obtained counsel to defend it in this action.  While the Court finds Defendant OrderPro's unexplained delay in obtaining counsel sanctionable conduct, the Court declines to impose the drastic sanction of denying Defendant OrderPro the opportunity to deny Plaintiffs' requests for admissions that

were deemed admitted at a time when it did not have counsel in the case.  Denying the motion based upon

Defendant OrderPro's past disregard for the Court's Orders directing it to obtain counsel and its failure

to defend itself would not serve the overarching principle of having the matter resolved on its merits.  The

Court, however, will order Defendant OrderPro to pay the additional costs to be incurred by Plaintiffs in

obtaining discovery on the issue of damages necessitated by Defendant OrderPro's unexplained delay in

this matter.

**IT IS THEREFORE ORDERED** that Defendant OrderPro's Motion for Leave to File Answers

and Responses to Plaintiffs' Request for Admissions Out of Time (doc. 71) is granted.  Defendant

OrderPro is hereby granted leave to serve its Answers and Responses to Plaintiffs' Request for Admissions

out of time and withdraw any admissions deemed admitted by operation of Rule 36(a).

**IT IS FURTHER ORDERED** that Defendant OrderPro shall pay the additional costs to be

incurred by Plaintiffs in obtaining discovery on the issue of damages necessitated by Defendant OrderPro's

unexplained delay in this matter.  Upon completion of this discovery, Plaintiffs shall file an affidavit itemizing

the reasonable expenses, including attorney's fees, that Plaintiffs incurred in obtaining this discovery.

Defendant OrderPro shall have fourteen days thereafter to file a response to the affidavit.  The Court will

then issue a second order, specifying the amount and time of payment.

**IT IS FURTHER ORDERED** that a telephone status conference is set before the undersigned

Magistrate Judge for **May 18, 2005 at 3:00 p.m.**  The Court will initiate the conference call.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas, this 10th day of May, 2005.

s/ David J. Waxse

David J. Waxse
United States Magistrate Judge


cc:     All counsel and *pro se* parties.