DJW/byk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**TEAM LOGISTICS, INC.,**
**and PAUL TITUS,**

              **Plaintiffs,**

                                          **CIVIL ACTION**

v.

                                          **No: 04-2061-JWL-DJW**

**ORDERPRO LOGISTICS, INC.,**
**JEFFREY SMUDA,**
**and RICHARD WINDORSKI,**

              **Defendants.**

## REPORT AND RECOMMENDATION

## NOTICE

Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, file written objections to such proposed findings and recommendations, including any findings of fact and conclusions of law. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition. If no objections are timely filed, no appellate review will be allowed by any court.

## REPORT AND PROPOSED FINDINGS

By Order dated March 29, 2005, the District Judge referred Plaintiffs' Motion for Default Judgment and for Other Sanctions Against Defendant Windorski (doc. 70) to the undersigned Magistrate Judge for a report and recommendation. The Magistrate Judge respectfully submits the following report and recommendation:

**I.     Background Facts**

Plaintiffs bring this action asserting breach of contract claims against Defendants OrderPro Logistics, Inc. ("OrderPro") and breach of fiduciary duty, misrepresentation, fraud, and civil conspiracy claims against Defendants Richard Windorski, Jeffrey Smuda, and OrderPro. Plaintiffs filed their Complaint on February 18, 2004. After obtaining an extension of time to answer, Defendants OrderPro, Windorski, and Smuda, all represented by the same counsel, filed their respective Answers (docs. 10, 11, and 12) on May 25, 2004.

On August 20, 2004, counsel for Defendants filed a motion to withdraw as counsel of record. A telephone status conference regarding this motion was held on September 1, 2004. At the status conference, the Court determined that good cause existed for counsel to withdraw and granted counsel leave to withdraw as counsel for Defendants. In its Order granting counsel's motion to withdraw (doc. 32), the Court granted all Defendants a thirty-day extension of time to retain substitute counsel. The Order specifically stated that individual Defendants Windorski and Smuda should be prepared to proceed *pro se* if they did not retain counsel within 30 days.

On October 8, 2004, attorneys Joshua C. Dickinson and John Jennings entered their appearance on behalf of Defendant Windorski (doc. 35). Four months later, on February 4, 2005, counsel for Defendant Windorski filed their motion to withdraw (doc. 54). The Court granted the motion on February 22, 2005 (doc. 59).

On March 17, 2005, Plaintiffs served Defendant Windorski with an Amended Notice to take his Deposition Duces Tecum. Plaintiffs allege that prior to serving Mr. Windorski with his deposition notice by facsimile and regular mail, Plaintiffs' counsel orally notified him by telephone that his deposition was

scheduled on March 28, 2005, and that his attendance was crucial because discovery was set to close on April 11, 2005. During this telephone conversation, Plaintiffs allege that Defendant Windorski told their counsel that he intended to have local counsel enter an appearance directly. Defendant Windorski did not seek a protective order or other relief from the Court in response to the Notice of Deposition served upon him.

On Friday, March 25, 2005, Plaintiffs' counsel left a voice mail message for Defendant Windorski asking him to indicate whether he intended to appear for his deposition on the following Monday, March 28th. On Sunday evening prior to the scheduled deposition, Defendant Windorski e-mailed Plaintiffs' counsel indicating that he would not be attending his scheduled deposition.

On March 28, 2005, counsel for Plaintiffs and counsel for Defendant OrderPro, as well as a court reporter appeared for the scheduled deposition at the office of Plaintiffs' counsel. Defendant Windorski did not appear.

That same day, Plaintiffs filed the instant Motion for Default Judgment and for Other Sanctions Against Defendant Windorski. On April 7, 2005, new counsel entered an appearance on behalf of Defendant Windorski and filed a response in opposition to Plaintiffs' Motion for Default Judgment and for Other Sanctions Against Defendant Windorski.

**II.   Discussion**

Plaintiffs' Motion for Default Judgment requests that the Court impose sanctions authorized under Fed. R. Civ. P. 37 (b)(2)(C), rendering a judgment by default against Defendant Windorski based upon his failure to attend his deposition and his ongoing failure to comply with discovery and other legal requirements imposed by the Court. Plaintiffs further request an order of this Court imposing economic

3

sanctions against Defendant Windorski under Rule 37(d) for the attorney's fees that Plaintiffs incurred arising out of counsel's preparation for Defendant Windorski's deposition, for the cost of the transcript, and for the cost of preparing and filing this motion.

Defendant Windorski opposes the motion. He points out that Plaintiffs' deposition duces tecum served upon him set his deposition seven business days after the notice was sent, and required him to appear at Plaintiffs' counsel's offices in Leawood, Kansas, though he then resided in Arizona, well over a thousand miles away. Defendant Windorski argues that the sanctions requested are too severe under the circumstances, and he has not committed the malfeasance of which Plaintiffs' counsel has accused him.

Defendant Windorski states that he advised Plaintiffs' counsel that he would be unable to appear for a deposition on such short notice and in view of the Easter holiday on March 27, 2005. This was reiterated and confirmed in an email to Plaintiffs' counsel. Defendant Windorski claims that Plaintiffs' counsel then proceeded to summon a court reporter and Defendant OrderPro's counsel to his office knowing that Defendant Windorski would not attend. Defendant Windorski further states that he has not, by conduct or omission, behaved in bad faith. He claims that Plaintiffs' counsel was advised on more than one occasion that he could not attend the deposition on such short notice, without counsel, such a great distance away, and so close in proximity to a holiday. Defendant Windorski further claims that had Plaintiffs' counsel had attempted to work with him on rescheduling the deposition, Plaintiffs would not have incurred any attorneys' fees in filing the instant motion. He argues that these circumstances exemplify why courts and local rules require personal consultation and good faith efforts to resolve these disputes before bringing them to the attention of the courts.

4

Federal Rule of Civil Procedure 37(d) addresses when a party fails to attend his or her own deposition. It states in pertinent part:

> If a party . . . fails (1) to appear before the officer who is to take the deposition, after being served with a proper notice, . . . the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule.
>
>        *   *   *
>
> In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.[1]

Subsection (b)(2)(C) of Rule 37 permits the court to sanction a party by entering "[a]n order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party."

While Fed. R. Civ. P. 37(d) permits a court to sanction a party by rendering a judgment by default against a disobedient party, some fault on the part of or attributable to the party involved must exist in order to enter a default as a sanction.[2] A default judgment is a harsh sanction that will be imposed only when the failure to comply with discovery demands is the result of willfulness, bad faith, or some fault of the non-responding party rather than inability to comply.[3] A "willful failure" is defined as "any intentional failure as

---

[1] Fed. R. Civ. P. 37(d).

[2] *Kiely v. Shores Group, Inc.*, 160 F.R.D. 159, 160 (D. Kan. 1995) (citing *Smith v. United States*, 834 F.2d 166, 171 (10th Cir. 1987)).

[3] *F.D.I.C. v. Daily,* 973 F.2d 1525, 1530 (10th Cir. 1992).

5

distinguished from involuntary noncompliance."[4]  Whether or not to impose sanctions lies within the discretion of the court.[5]

In *Kiely v. Shores Group, Inc.*,[6] the court entered default judgment against a defendant as a sanction under Rule 37(d).  In that case, the court found the defendant's repeated failures to comply with the court's discovery orders directing to provide documents and provide a representative with settlement authority was intentional and was a tactical decision sufficient to support an entry of default.[7]  Moreover, the defendant had been warned that failure to participate meaningfully in the action would result in default judgment against it.[8]

In this case, the undersigned Magistrate Judge finds that Defendant Windorski's failure to appear for his scheduled deposition was not the result of willful disregard for the Notice of Deposition or made in bad faith.  Defendant Windorski notified Plaintiffs' counsel that he would not be able to the attend the deposition scheduled for March 28, 2005.  While Defendant Windorski failed to file a motion for protective order or otherwise seek relief from the Court after receiving the Notice of Deposition, the Court finds that Defendant Windorski, while acting *pro se* in the matter at that time, could have believed that his notifying Plaintiffs' counsel would be sufficient to forestall the deposition.

---

[4]*In re Standard Metals Corp.*, 817 F.2d 625, 628-29 (10th Cir. 1987).

[5]*Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 642 (1976).

[6]160 F.R.D. 159, 160 (D. Kan. 1995).

[7]*Id.*

[8]*Id.* at 161.

Based on the parties' representations, the undersigned is not persuaded that Defendant Windorski's failure to attend the deposition noticed by Plaintiffs' counsel was made in bad faith or was the result of willful disobedience. Because the sanction of entering judgment by default should be imposed only when the failure to comply with discovery demands is intentional rather than involuntary, the undersigned Magistrate Judge recommends that Plaintiffs' Motion for Default Judgment be denied.

The undersigned Magistrate Judge, however, does recommend that Plaintiffs' Motion for Other Sanctions be granted. Defendant Windorski should be held responsible for Plaintiffs' reasonable expenses, including attorney's fees, caused by his failure to attend his deposition. Rule 37(d) expressly provides that "the court shall require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." Here, while Defendant Windorski's failure to appear for his scheduled deposition was not the result of willful disregard for the Notice of Deposition or made in bad faith, Defendant Windorski has not shown that his failure to attend was substantially justified or that other circumstances make an award of expenses unjust. The undersigned Magistrate Judge therefore recommends that Defendant Windorski be sanctioned for his failure to appear at his deposition by requiring him to pay Plaintiffs' reasonable expenses, including attorney's fees, caused by his failure to appear at his deposition on March 28, 2005. To this end, the Magistrate Judge recommends that the Court direct Plaintiffs' counsel to file an affidavit itemizing the reasonable expenses, including attorney's fees, that Plaintiffs incurred due to Defendant Windorski's failure to attend his scheduled deposition on March 28, 2005. Defendant Windorski should thereafter be provided an opportunity to respond to the affidavit.

Upon receiving the affidavit and response, the District Judge should then enter a further Order setting the amount and timing of payment of the sanctions.

## RECOMMENDATION

The undersigned Magistrate Judge respectfully recommends that Plaintiffs' Motion for Default Judgment and for Other Sanctions Against Defendant Windorski (doc. 70) be granted in part and denied in part. The Magistrate Judge recommends denying Plaintiffs' request that judgment by default be entered against Defendant Windorski. The undersigned Magistrate Judge further recommends that Plaintiffs' request for other sanctions be granted. Specifically, Defendant Windorski be sanctioned for his failure to appear at his deposition by requiring him to pay Plaintiffs' reasonable expenses, including attorney's fees, caused by his failure to appear at his deposition on March 28, 2005. To this end, the Magistrate Judge recommends that Plaintiffs' counsel be ordered to file an affidavit itemizing the reasonable expenses, including attorney's fees, that Plaintiffs incurred due to Defendant Windorski's failure to attend his scheduled deposition on March 28, 2005. Defendant Windorski should thereafter be provided an opportunity to respond to the affidavit. Upon receiving the affidavit and response, the District Judge should then enter a further Order setting the amount and timing of payment of the sanctions.

Respectfully submitted.

Dated in Kansas City, Kansas on this 20th day of May, 2005.

                                                s/ David J. Waxse
                                                David J. Waxse
                                                United States Magistrate Judge

cc:    All counsel and *pro se* parties