DJW/byk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**TEAM LOGISTICS, INC.,**
**and PAUL TITUS,**

                              **Plaintiffs,**

                                                          **CIVIL ACTION**

**v.**

                                                          **No: 04-2061-JWL-DJW**

**ORDERPRO LOGISTICS, INC.,**
**JEFFREY SMUDA,**
**and RICHARD WINDORSKI,**

                              **Defendants.**


## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion to Compel (doc. 68).  Plaintiffs request an order compelling Defendant OrderPro Logistics, Inc. ("OrderPro") to provide documents responsive to their First Request for Production of Documents.  For the reasons stated below, Plaintiffs' Motion to Compel is granted in part and denied in part.

**I.      Background Information**

Plaintiffs served their First Request for Production of Documents on Defendant OrderPro  on January 10, 2005.  Defendant OrderPro was unrepresented at the time the requests were served and during the Fed. R. Civ. P. 34(b) thirty-day time period to serve its responses to Plaintiffs' discovery requests.  On February 15, 2005, counsel entered an appearance on behalf of Defendant OrderPro.  The Court conducted a telephone Status Conference on March 10, 2005, wherein the Court granted Plaintiffs'

oral motion for additional time to file motions to compel against Defendants OrderPro and Windorski. On

March 22, 2005, Plaintiffs filed the instant Motion to Compel.

On May 18, 2005, the Court conducted a telephone Status Conference. At that conference, the

parties advised the Court that Defendant OrderPro had just served its responses to the discovery requests

at issue in Plaintiffs' Motion to Compel. Plaintiffs' counsel indicated that he had neither received the

responses, nor had an opportunity to evaluate whether these documents rendered his Motion to Compel

moot. The Court directed Plaintiffs' counsel to advise the Court within ten days whether Defendant

OrderPro's responses made the Motion to Compel moot or otherwise impacted the relief sought in the

motion. Plaintiffs thereafter advised the Court that Defendant OrderPro had produced no documents

responsive to their Request Nos. 1, 2, 3, 10, 11, 12, and 13. It further stated that the accounting

statements sought in Request No. 1 and 2 are critical to Plaintiffs' case and to the defenses asserted by

Defendant OrderPro. Plaintiffs also indicated that many documents produced by Defendant OrderPro

were improperly redacted.

After reviewing Plaintiffs' update, the Court allowed Defendant OrderPro an opportunity to

respond. Defendant OrderPro responded on June 10, 2005. The Court is now ready to rule on Plaintiffs'

Motion to Compel.

## II.    Requests for Production at Issue

### A.    Request Nos. 1 and 2

Plaintiffs' First Request for Production No. 1 seeks "any and all accounting statements,

correspondences, memoranda, working papers, audit reports, and reports prepared by or on behalf of

Robert Scherne on behalf of OrderPro Logistics, Inc., including, but not limited to accounting of the records

2

for the Great Plains Kansas City operations."  Plaintiffs' Request No. 2 seeks accounting records similar to Request No. 1, only those prepared by or on behalf of James A. Marshall Company.  Defendant OrderPro responded to both requests by stating that it does not have "possession, custody or control over the documents requested."  In its response to Request No. 1, it further stated that it "has requested such documents from Mr. Scherne and, should they ever be received, they will be produced."  Defendant OrderPro also indicated in its briefing in response to Plaintiffs' update to the Motion to Compel that its counsel had telephoned Messrs. Scherne and Marshall and sent them letters requesting that they forward the records to its counsel.  It further stated that "if [Defendant OrderPro] ever receive[s] them, we will produce them to plaintiffs' attorney."

Under Federal Rule of Civil Procedure 34(a), a party may be required to produce relevant documents and tangible things that are within its "possession, custody or control."  Control comprehends not only possession but also the right, authority, or ability to obtain the documents.[1]  Therefore, Rule 34(a) enables a party seeking discovery to require production of documents beyond the actual possession of the opposing party if such party has retained "any right or ability to influence the person in whose possession the documents lie."[2]

---

[1] *Super Film of America, Inc. v. UCB Films, Inc.*, 219 F.R.D. 649, 651 (D. Kan. 2004); *Comeau v. Rupp*, 810 F. Supp. 1127, 1166 (D. Kan. 1992); see also *McCoo v. Denny's, Inc.*, 192 F.R.D. 675, 692 (D. Kan. 2000);  *Pulsecard, Inc. v. Discover Card Servs., Inc.*, 168 F.R.D. 295, 307 (D. Kan. 1996).

[2] *Super Film of America*, 219 F.R.D. at 651 (quoting *Lone Star Steakhouse & Saloon, Inc. v. Liberty Mut. Ins. Group,* No. 02-1185-WEB, 2003 WL 21659662, at *2 (D. Kan. June 4, 2003)).

Ordinarily, a sworn statement that a party has no documents in its possession, custody or control is sufficient to satisfy the party's obligation to respond to a request for production of documents.[3] However, if the documents sought are known to have been in the party's possession, custody, or control, it would not suffice for that party to simply disavow their existence without adequately explaining the disposition of the documents. Without such an explanation, the requesting party would be unable to determine whether to search elsewhere, or whether the only existing copies were destroyed, thus making further search futile.[4]

The party seeking production of documents bears the burden of proving that the opposing party has the control required under Fed. R. Civ. P. 34(a).[5]  This showing may be difficult to make where the discovery sought is in the hands of a party other than the party to whom the request is addressed.[6]  It is, however, not unusual for documents in the possession of a third party, closely connected to the litigation, to be subject to a Rule 34 request.[7]  Absent such expanded scope of production, a third party with a substantial interest in the litigation may be allowed to frustrate the rules of discovery to the disadvantage of the party seeking production and, ultimately, of the court.

In this case, for the Court to be able to order Defendant OrderPro to produce documents in the

---

[3]*Id.*

[4]*Id.* at 651-52.

[5]*Id*. at 653 (citing *Norman v. Young*, 422 F.2d 470, 472 (10th Cir. 1970)).

[6]*Id*. at 653-54.

[7]*Super Film of America*, 219 F.R.D. at 654 (citing *Compagnie Française d'Assurance Pour le Commerce Exterieur v. Phillips Petroleum Co.*, 105 F.R.D. 16, 33 (S.D.N.Y. 1984)).

possession of Messrs. Scherne and Marshall, it must determine that Defendant OrderPro has the right, authority, or ability to obtain the requested documents.[8]  Only then can the Court find that Defendant OrderPro controls these documents within the meaning of Fed. R. Civ. P. 34(a).  Plaintiffs, as the party seeking production of documents, have not shown that Defendant OrderPro has the control over Messrs. Scherne or Marshall required under Fed. R. Civ. P. 34(a).  The Court will therefore rely upon Defendant OrderPro's statement that it "does not have possession, custody or control of the documents requested," and find that Defendant OrderPro has satisfied its obligation to respond to Plaintiffs' Request Nos. 1 and 2.  However, if Defendant OrderPro receives documents responsive to Request Nos. 1 and 2, then it shall serve Plaintiffs with copies of the documents received **within five days** after its receipt of the documents.

**B.      Request No. 3**

Plaintiffs' Request No. 3 asks for "any and all insurance, reinsurance, and umbrella policies which will or may indemnify the defendant against the type of liability asserted in this case or which will or may provide a defense to OrderPro Logistics, Inc. in this action."  Defendant OrderPro responded:  "None known at this time.  If applicable insurance coverage is discovered, the policy will be produced."

The Court finds that Defendant OrderPro has sufficiently responded to this Request.  Plaintiffs' Motion to Compel as to Request No. 3 is denied.

**C.      Request Nos. 10 - 14**

Plaintiffs' Request Nos. 10 - 14 seek the entire contents of the employee files for Kerry Baehr, Jimmy Hadsall, Jeffrey Smuda, and Richard Windorksi, respectively.  Defendant OrderPro responded to

---

[8]*Id.* (citing *Comeau*, 810 F. Supp. at 1166).

each request by stating "None."  Defendant OrderPro further stated in its briefing in response to Plaintiffs' update to the Motion to Compel that these employee files do not exist.

The Court finds that Defendant OrderPro has sufficiently responded why no documents were produced for these discovery requests.  Plaintiffs' Motion to Compel as to Request Nos. 10 -14 is denied.

## III.    Redacted Documents

Plaintiffs also claim that Defendant OrderPro produced many documents that were improperly redacted.  Specifically, Plaintiffs advise the Court that Defendant OrderPro produced redacted copies of documents responsive to their Request Nos. 4, 5, and 8.

### A.    Request No. 4

Plaintiffs' Request No. 4 seeks Defendant OrderPro's corporate minute book, including the minutes of all meetings of the board of directors and the corporate stock ledger.  Defendant OrderPro produced the corporate minutes and stock ledger related to the Great Plains issues and Paul Titus.  Plaintiffs found the documents produced by Defendant OrderPro were insufficient because the documents were "improperly redacted." Defendant OrderPro explains this redaction by stating that only the memorialization of actions taken wholly unrelated to the allegations or defenses of this lawsuit were redacted.  It further offers to produce a copy of the unredacted documents for the Court's *in camera* review if the Court deems it advisable.

The Court finds that Defendant OrderPro has not provided any reason for the redaction of portions of the documents produced other than its claim that it only redacted information it believed was "wholly unrelated to the allegations or defenses in this lawsuit."  The Court determines that this is not sufficient justification for the redaction. The Court will therefore grant Plaintiffs' Motion to Compel as to Request No.

6

4. **Within eleven (11) days of the date of this Memorandum and Order**, Defendant OrderPro shall produce underacted copies of the documents previously produced in response to Request No. 4.

## B.      Request No. 5

Plaintiffs' Request No. 5 seeks "[a]ll W-2's and/or 1099's issued for Kerry Baehr, Jimmy Hadsall, and all owner operators for the Great Plains Kansas City Operations by OrderPro Logistics, Inc." Defendant OrderPro produced redacted copies of the documents responsive to the request. Defendant OrderPro further stated in its briefing in response to Plaintiffs' update to the Motion to Compel that it only redacted the employees' social security numbers from these documents.

The Court finds Defendant OrderPro's redaction of social security numbers to be reasonable and appropriate.  Plaintiffs' Motion to Compel as to Request No. 5 is denied.

## C.      Request No. 8

Plaintiffs' Request No. 8 seeks "internal memoranda, correspondences, letters, e-mail correspondences, which address or in any way relate to the issuance of the stock certificates, including any restrictions placed thereon, to the employees, officers and directors of OrderPro Logistics, Inc."  Plaintiffs have advised the Court that the documents produced are an insufficient response because the documents were "improperly redacted."  Similar to Request No. 4, Defendant OrderPro indicates that it only redacted the memorialization of actions taken wholly unrelated to the allegations or defenses of this lawsuit.  It further offers to produce a copy of the unredacted documents for the Court's *in camera* review if the Court deems it advisable.

The Court finds that Defendant OrderPro again has not provided sufficient justification why portions of these documents should be redacted.  The Court will therefore grant Plaintiffs' Motion to Compel as to

Request No. 8.  **Within eleven (11) days of the date of this Memorandum and Order**, Defendant OrderPro shall produce unredacted copies of the documents previously produced in response to Request No. 8.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Compel (doc. 68) is granted in part and denied in part.  Plaintiffs' Motion to Compel as to Plaintiffs' First Request Nos. 1, 2, 3, 5, and 10-14 is denied.  Plaintiffs' Motion to Compel as to Request Nos. 4 and 8 is granted.  **Within eleven (11) days of the date of this Memorandum and Order**, Defendant OrderPro shall produce <u>unredacted</u> documents responsive to Plaintiffs' First Request Nos. 4 and 8.

**IT IS FURTHER ORDERED** that if Defendant OrderPro receives documents responsive to Request Nos. 1 and 2, then it shall serve Plaintiffs with copies of the documents received **within five (5) days** after its receipt of the documents.

**IT IS FURTHER ORDERED** that the parties shall bear their own fees and expenses incurred in connection with this motion to compel.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas, this 20th day of June, 2005.


s/ David J. Waxse
David J. Waxse
United States Magistrate Judge


cc:     All counsel

8