DJW/byk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**TEAM LOGISTICS, INC.,**
**and PAUL TITUS,**

          **Plaintiffs,**

                                        CIVIL ACTION

v.

                                        No: 04-2061-JWL-DJW

**ORDERPRO LOGISTICS, INC.,**
**JEFFREY SMUDA,**
**and RICHARD WINDORSKI,**

          **Defendants.**

## ORDER

This matter is before the Court on Plaintiffs' Motion for Relief from Memorandum and Orders (doc. 101). Plaintiffs request that the Court amend its previous Order (doc. 94) that directed Defendant OrderPro Logistics, Inc. ("OrderPro") to pay the additional costs to be incurred by Plaintiffs in obtaining discovery on the issue of damages necessitated by Defendant OrderPro's unexplained delay in the case. For the reasons set forth below, Plaintiffs' motion is granted.

**I.    Background Information**

On May 10, 2005, the Court granted Defendant OrderPro's Motion for Leave to File Answers and Responses to Plaintiffs' Request for Admission Out of Time.[1] In its ruling, the Court granted Defendant OrderPro leave to serve its responses to Plaintiffs' requests for admissions out of time. Plaintiffs had previously relied upon these requests for admissions, which had been deemed admitted pursuant to Fed.

---

[1] *See Team Logistics, Inc. v. Orderpro Logistics, Inc.*, No. Civ. A. 04-2061-JWL-DJW, 2005 WL 1140774, at *4-5 (D. Kan. May 10, 2005).

R. Civ. P. 36(a), in their Motion for Summary Judgment on the Issue of Damages Against Defendant OrderPro (doc. 62).

In addition to granting Defendant OrderPro leave to serve its responses to Plaintiffs' requests for admissions out of time, the Court also found Defendant OrderPro's unexplained delay in obtaining counsel to be sanctionable conduct. The Court sanctioned Defendant OrderPro by ordering it to pay "the additional costs to be incurred by Plaintiffs in obtaining discovery on the issue of damages in this matter."[2]

Plaintiffs have now filed their Motion for Relief from Memorandum and Orders, in which they request that the Court relieve them from the portion of the Court's Memorandum and Order directing that Defendant OrderPro pay the additional costs to be incurred by Plaintiffs in obtaining discovery on the issue of damages. Plaintiffs believe this ruling only awards them future litigation costs, and precludes any past litigation costs incurred prior to the date of the Memorandum and Order. Plaintiffs point out that Defendant OrderPro, in its Opposition to Plaintiffs' Motion for Summary Judgment, agreed to pay Plaintiffs' reasonable attorney's fees incurred in preparation of the Motion for Summary Judgment on the Issue of Damages Against Defendant OrderPro. Plaintiffs argue in their motion that the Court should also require Defendant OrderPro to pay their *past* costs, including their costs incurred in preparing the Motion for Summary Judgment on the Issue of Damages against OrderPro and the memorandum in support, their reply brief, and their brief in opposition to Defendant OrderPro's Motion for Leave to File Answers and Responses to Plaintiffs' Request for Admissions Out of Time.

Defendant OrderPro argues that it should only be ordered to pay Plaintiffs' reasonable attorney

---

[2]*Id.* at *5.

fees incurred in preparation of the Motion for Summary Judgment on the Issue of Damages Against Defendant OrderPro and the memorandum in support. Defendant OrderPro contends that it should not be ordered to pay both past and future fees as such would be duplicative. It claims that the future fees that may be incurred by Plaintiffs will not be caused by its failure to initially respond to Plaintiffs' requests for admissions. Defendant OrderPro requests that any order requiring it to pay Plaintiffs' litigation costs should be limited to Plaintiffs' reasonable attorney's fees incurred in preparation of their Motion for Summary Judgment and the memorandum in support.

In a footnote in its response, Defendant OrderPro points out that Plaintiffs' motion should be considered a motion to reconsider pursuant to D. Kan. Rule 7.3(b). The Court agrees with Defendant OrderPro that Plaintiffs' motion is essentially one for reconsideration of the Court's May 10, 2005 Memorandum and Order. As such, the Court will consider Plaintiffs' motion under the standard for ruling on a motion for reconsideration.

## II.   Standard for Ruling on Motion for Reconsideration

Pursuant to D. Kan. Rule 7.3, motions seeking reconsideration of non-dispositive orders must be based on "(1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice."[3] The party moving for reconsideration has the burden to show that there has been a change of law, that new evidence is available, or that reconsideration is

---

[3]The Tenth Circuit has adopted the same standard. *See, e.g., Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995).

3

necessary to correct clear error or prevent manifest injustice.[4]

The decision whether to grant a motion to reconsider is committed to the court's sound discretion.[5] It is well settled that a motion to reconsider is not a second chance for the losing party to ask the court to revisit issues already addressed or to consider new arguments and supporting facts that could have been presented originally.[6] Nor is a motion to reconsider to be used as "a second chance when a party has failed to present it strongest case in the first instance."[7] Improper use of motions to reconsider can waste judicial resources and obstruct the efficient administration of justice.[8] Reconsideration may, however, be appropriate "where the court has misapprehended the facts, a party's position, or the controlling law."[9]

## III.  Discussion

Under the standard for ruling on a motion for reconsideration, the court may grant reconsideration if Plaintiffs establish one of the three enumerated grounds. In this case, the only applicable ground would be the need to correct clear error or prevent manifest injustice. Plaintiffs argue that it would be unjust if the

---

[4] *Classic Communications, Inc. v. Rural Tel. Serv. Co., Inc.*, 180 F.R.D. 397, 399 (D. Kan. 1998) .

[5] *Brumark,* 57 F.3d at 944; *Hancock v. City of Okla. City,* 857 F.2d 1394, 1395 (10th Cir. 1988).

[6] *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

[7] *Steinert v. Winn Group, Inc.*, No. 98-2564-CM, 2003 WL 23484638, at *2 (D. Kan. Sept. 24, 2003 (quoting *Prairie Band Potawatomi Nation v. Richards,* No. 99-4071-JAR, 2003 WL 21536881, at *1 (D. Kan. July 2, 2003)).

[8] *RTC v. Williams*, 165 F.R.D. 639, 642 (D. Kan. 1996) (quoting *United States ex rel. Houck v. Folding Carton Admin. Comm*., 121 F.R.D. 69, 71 (N.D. Ill. 1988)).

[9] *Servants,* 204 F.3d at 1012.

Court does not order Defendant OrderPro to pay Plaintiffs' past litigation costs associated with their filing of the Motion for Summary Judgment on the Issue of Damages, costs that Defendant OrderPro acknowledges to be its responsibility.

Here, the Court finds that reconsideration of the portion of its May 20, 2005 Memorandum and Order directing Defendant OrderPro to only pay the future, additional costs to be incurred by Plaintiffs is necessary to prevent manifest injustice. Defendant OrderPro has clearly agreed to pay Plaintiffs' *past* reasonable attorney fees associated with the filing of Plaintiffs' Motion for Summary Judgment on the Issue of Damages against Defendant OrderPro and the memorandum in support. In light of the parties' agreement on this matter and Defendant OrderPro's unexplained delays that necessitated Plaintiffs' filing of the Motion for Summary Judgment on the Issus of Damages, the Court finds that its prior Order directing Defendant OrderPro to pay only the *future,* additional costs of discovery would be manifestly unjust.

With regard to Defendant OrderPro's argument that it should not be required to pay both Plaintiffs' past litigation costs of filing the Motion for Summary Judgment on the Issue of Damages and the future costs of additional discovery on those damage claims, the Court finds that it would not be manifestly unjust to require Defendant OrderPro to also pay certain additional litigation costs incurred by Plaintiffs in seeking discovery on the issue of damages.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Relief from Memorandum and Orders (doc. 101) is granted. In addition to the costs referenced in the Court's May 10, 2005 Memorandum and Order, Defendant OrderPro shall also pay the past reasonable costs, including attorney's fees, incurred by Plaintiffs in (1) preparing and filing their Motion for Summary Judgment on the Issue of Damages Against Defendant OrderPro and the memorandum in support, (2) preparing their reply

Court does not order Defendant OrderPro to pay Plaintiffs' past litigation costs associated with their filing of the Motion for Summary Judgment on the Issue of Damages, costs that Defendant OrderPro acknowledges to be its responsibility.

Here, the Court finds that reconsideration of the portion of its May 20, 2005 Memorandum and Order directing Defendant OrderPro to only pay the future, additional costs to be incurred by Plaintiffs is necessary to prevent manifest injustice. Defendant OrderPro has clearly agreed to pay Plaintiffs' *past* reasonable attorney fees associated with the filing of Plaintiffs' Motion for Summary Judgment on the Issue of Damages against Defendant OrderPro and the memorandum in support. In light of the parties' agreement on this matter and Defendant OrderPro's unexplained delays that necessitated Plaintiffs' filing of the Motion for Summary Judgment on the Issus of Damages, the Court finds that its prior Order directing Defendant OrderPro to pay only the *future,* additional costs of discovery would be manifestly unjust.

With regard to Defendant OrderPro's argument that it should not be required to pay both Plaintiffs' past litigation costs of filing the Motion for Summary Judgment on the Issue of Damages and the future costs of additional discovery on those damage claims, the Court finds that it would not be manifestly unjust to require Defendant OrderPro to also pay certain additional litigation costs incurred by Plaintiffs in seeking discovery on the issue of damages.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Relief from Memorandum and Orders (doc. 101) is granted. In addition to the costs referenced in the Court's May 10, 2005 Memorandum and Order, Defendant OrderPro shall also pay the past reasonable costs, including attorney's fees, incurred by Plaintiffs in (1) preparing and filing their Motion for Summary Judgment on the Issue of Damages Against Defendant OrderPro and the memorandum in support, (2) preparing their reply

to OrderPro's memorandum in opposition thereto, and (3) preparing their memorandum in opposition to OrderPro's motion to file responses to Plaintiffs' Request for Admissions out of time.

**IT IS FURTHER ORDERED** that **within ten (10) days of the date of this Order,** Plaintiffs' counsel shall file an affidavit itemizing the reasonable costs, including attorney's fees, incurred by Plaintiffs in (1) preparing and filing their Motion for Summary Judgment on the Issue of Damages Against Defendant OrderPro and the memorandum in support, (2) preparing their reply to OrderPro's memorandum in opposition thereto, and (3) preparing their memorandum in opposition to OrderPro's Motion for Leave to File Answers and Responses to Plaintiffs' Request for Admissions Out of Time. Defendant OrderPro will have **ten (10) days thereafter** to file any response to the affidavit.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas, this 26th day of July, 2005.

s/ David J. Waxse<br>
David J. Waxse<br>
United States Magistrate Judge

cc:     All counsel