IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TEAM LOGISTICS, INC., et al., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 04-2061-JPO |
| ) | |
| ORDERPRO LOGISTICS, INC., et al., ) | |
| ) | |
| Defendant. ) | |

**CONSENT JUDGMENT**
**AGAINST DEFENDANT ORDERPRO LOGISTICS, INC.**

This case comes before the court on the motion of the plaintiffs, Team Logistics, Inc. ("Team Logistics") and Paul Titus ("Titus"), to enforce a settlement agreement as against defendant OrderPro Logistics, Inc. ("OrderPro"), and to enter a consent judgment consistent with said settlement (**doc. 209**).[1] Upon consideration of the parties' oral settlement agreement as placed on the record on November 10, 2005 (*see* doc. 230), as well as the written Full and Final Settlement Agreement dated December 12, 2005 entered into by Team Logistics, Titus, and OrderPro (the "Agreement"),[2] the court finds as follows:

1. The court has personal jurisdiction over OrderPro and has subject matter over this action.

---

[1] It should be noted that on January 24, 2006, the court entered a separate consent judgment for $135,000 in favor of Titus and against defendant Richard Windorski (doc. 208).

[2] A copy of the Agreement is attached to the instant motion as Exhibit 1 and is incorporated herein by reference.

Case 2:04-cv-02061-JPO   Document 211   Filed 02/14/06   Page 2 of 4

2. OrderPro has not timely filed any opposition to the instant motion.

3. Pursuant to paragraph 3(a) of the Agreement, OrderPro agreed to transfer to Titus, by December 31, 2005, seven million shares of freely tradeable OrderPro stock (i.e., without Section 144 restrictions), from the shares which were held by OrderPro's president, Jeff Smuda.

4. OrderPro has failed and continues to fail and refuse to transfer the above-described shares to Titus, despite the fact that demands for same have been duly made.

5. OrderPro further has defaulted on its agreement to pay Titus $30,000, as the first of three installments, which was due to be paid by January 15, 2006.

6. Although under the Agreement OrderPro's failure to make the January 15, 2006 payment entitles plaintiffs to request entry of a consent judgment against OrderPro, Titus has not waived his legal right to receive such shares of stock and otherwise enforce the remaining terms of the Agreement.

7. Consistent with the terms of the Agreement, and as a part of this consent judgment, OrderPro shall immediately transfer to Titus 7 million shares of freely tradeable OrderPro stock (i.e., without Section 144 restrictions).

8. Consistent with the terms of the Agreement, and as a part of this consent judgment, OrderPro shall notify Titus of all meetings of OrderPro's board of directors, which meetings OrderPro may elect for Titus to attend in person or by telephone as a non-voting advisor. OrderPro shall reimburse Titus for his reasonable and preauthorized expenses incurred at the request of the board of directors, including required travel expenses to attend

O:\ORDERS\04-2061-JPO-209.wpd                    -2-

board meetings or expenses incurred by Titus for other efforts to serve OrderPro business as approved by the board of directors. OrderPro shall reimburse Titus for such expenses within fifteen days of receipts being submitted to the company.

9. Based on the Agreement of the parties, judgment is hereby granted in favor of Titus and against OrderPro, in the amount of $135,000, plus interest hereafter at the rate of 10% per annum until paid in full, and the costs of this action.

10. Under the Agreement, as part of this consent judgment, Titus is entitled to his attorneys' fees incurred in connection with filing the instant motion. The record is silent as to the amount of fees involved. Titus may, if he so elects, file a separate motion to alter or amend this judgment, so as to impose such fees as a matter of contract law. But, in connection with any such motion, the court hereby orders the parties to follow the procedure outlined in D. Kan. Rule 54.2 which deals with statutory awards of attorneys' fees.

11. This court retains ancillary jurisdiction to enforce the Agreement unless and until this judgment is filed in another jurisdiction for enforcement purposes. In that event, this court will defer jurisdiction to enforce the Agreement and this judgment to such other court, including jurisdiction to award additional attorneys' fees to Titus.

12. In accordance with the Agreement, this is a final and non-appealable judgment against OrderPro.

IT IS SO ORDERED, ADJUDGED, AND DECREED.

Dated this 14th day of February, 2006, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge